**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JUSTIN SOLBERG, individually and on behalf of all others similarly situated, ) ) ) | |
| *Plaintiff*, ) ) | |
| v. ) ) | Case No. CIV-20-1039-G |
| VICE CAPITAL EXTRACTION, LLC d/b/a LOTUS GOLD DISPENSARY, an Oklahoma Limited Liability Company, ) ) ) ) | |
| *Defendant*, ) ) | |
| VICE CAPITAL EXTRACTION, LLC d/b/a LOTUS GOLD DISPENSARY, an Oklahoma Limited Liability Company, ) ) ) ) | |
| *Third-Party Plaintiff,* ) ) | |
| v. ) ) | |
| RESPOND FLOW, LLC d/b/a RESPOND FLOW, INC., a Delaware limited liability company, ) ) ) | |
| *Third-Party Defendant.* ) | |

## DEFENDANT VICE CAPITAL EXTRACTION, LLC D/B/A LOTUS GOLD DISPENSARY'S THIRD-PARTY COMPLAINT AGAINST RESPOND FLOW, INC.

Pursuant to FED. R. CIV. P. 14, Vice Capital Extraction, LLC d/b/a Lotus Gold

Dispensary ("Third-Party Plaintiff"), by and through its counsel of record, asserts as follows for

its Third-Party claims against Respond Flow, LLC d/b/a Respond Flow, Inc. ("Third-Party

Defendant"):[1]

---

[1] This Third-Party Complaint does not admit any allegations included in Plaintiff Justin Solberg's
Complaint beyond those admitted in Vice Capital Extraction LLC d/b/a Lotus Gold Dispensary's Answer

1.      Third-Party Plaintiff is a cannabis business operating various locations throughout the State of Oklahoma.

2.      Third-Party Defendant is a Delaware limited liability company which provides personalized text messaging services to businesses, including Third-Party Plaintiff, to connect local businesses with their customer bases.

3.      Venue and jurisdiction are proper in this Court.

4.      Plaintiff Justin Solberg ("Plaintiff") initiated this lawsuit against Third-Party Plaintiff on October 13, 2020. *See* Class Action Compl. [Dkt. No. 1].

5.      Third-Party Plaintiff and Third-Party Defendant entered into a "General Contract for Services" (hereinafter referred to as the "Messaging Contract") wherein Third-Party Defendant agreed to provide such personalized text messaging services to Third-Party Plaintiff, as set for in the Messaging Contract.

6.      In Plaintiff's Class Action Complaint [Dkt. No. 1], he attempts to impose liability on Third-Party Plaintiff for alleged various "violations of the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227." *See* Class Action Compl. [Dkt. No. 1] at ¶ 1.

7.      Plaintiff alleges that on May 30, 2020 "Defendant sent the following telemarketing text message to Plaintiff's cellular telephone number ending in 4254." *See* Class Action Compl. [Dkt. No. 1] at ¶ 23.

8.      Plaintiff further alleges that on June 1, 2020 "Plaintiff sent Defendant correspondence demanding Defendant's immediate compliance with the TCPA and to cease text messaging Plaintiff and members of the putative class." *See* Class Action Compl. [Dkt. No. 1] at ¶ 24.

_____

thereto. *See* Answer to Plaintiff's Class Action Compl. [Dkt. No. 5], filed November 27, 2020.

9.      Plaintiff further alleges that on October 2, 2020, "Defendant ignored Plaintiff's demand and sent another text message to Plaintiff's cellular telephone, the 4254 Number." *See* Class Action Compl. [Dkt. No. 1] at ¶ 25.

10.     Third-Party Plaintiff did not send or receive any of the subject text messages, and such correspondences could only have been between Plaintiff and Third-Party Defendant.

11.     Taking Plaintiff's allegations in the Class Action Complaint as a whole makes clear that Plaintiff and the putative class are attempting to impose liability on Third-Party Plaintiff for actions allegedly taken by Third-Party Defendant. *See* Class Action Compl. [Dkt. No 1].

12.     Through the Messaging Contract, Third-Party Defendant warranted to "provide its services and meet its obligations under this Contract in a timely and workmanlike manner, using knowledge and recommendations for performing the services which meet generally acceptable standards in Respond Flow's community and region, and will provide a standard of care equal to, or superior to, care used by service providers similar to Respond Flow on similar projects." Messaging Contract at § 3.

## CAUSE OF ACTION
## (INDEMNITY AND CONTRIBUTION)

13.     Third-Party Plaintiff's averments in the preceding paragraphs are incorporated as if fully restated herein.

14.     Third-Party Plaintiff contends that it is no way legally responsible for the events giving rise to the causes of action alleged by Plaintiff, or legally responsible in any other manner for the damages allegedly sustained by Plaintiff and the putative class.

15.     However, if Third-Party Plaintiff is held liable and responsible to Plaintiff and/or

3

the putative class for damages, to the extent said damages are proximately caused by the conduct of Third-Party Defendant, Third-Party Plaintiff is entitled to be indemnified by Third-Party Defendant and for a judgment of contribution from them.

WHEREFORE, Third-Party Plaintiff Vice Capital Extraction, LLC d/b/a Lotus Gold Dispensary, prays for an order of this Court that (1) Plaintiff take nothing against it by way of the Class Action Complaint [Dkt. No. 1]; (2) that Third-Party Plaintiff is entitled to a judgment of indemnification against Third-Party Defendant for any and all of Plaintiff's alleged damages for which Third-Party Plaintiff may be held responsible to the extent said damages were proximately caused by Third-Party Defendant, and (3) that it recover its reasonable attorney's fees and costs incurred in defending this action and/or prosecuting its Third-Party Complaint.

Respectfully submitted,

s/ Weston Watts
Weston Watts, Bar No. 33299
Justin Williams, Bar No. 32539
Overman Legal Group, PLLC
809 NW 36th St.
OKC, OK 73118
westonwatts@overmanlegal.com
justinwilliams@overmanlegal.com

4

## <u>CERTIFICATE OF MAILING</u>

     This is to certify that on the 11th day of December, a true and correct copy of the above and foregoing was electronically exchanged with the following named counsel of record via ECF/Pacer:

     Andrew J. Shamis, Esq.
     Shamis & Gentile, P.A.
     14 NE 1st Ave, Ste 705
     Miami, FL 33132
     305-479-2299
     ashamis@shamisgentile.com

                        s/ Weston O. Watts
                        *For the Firm*

5