# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JUSTIN SOLBERG,** **individually and on behalf of all others similarly situated** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | |
| **VICE CAPITAL EXTRACTION, LLC, d/b/a LOTUS GOLD DISPENSARY, an Oklahoma Limited Liability Company,** | § § § § § § | |
| *Defendant and* *Third-Party Plaintiff,* | § § § | **Case No. 5:20-cv-1039-G** |
| **v.** | § § § | |
| **RESPOND FLOW, LLC, d/b/a RESPOND FLOW, INC., a Delaware Limited Liability Company,** | § § § § § | |
| *Third-Party Defendant.* | § § | |

## RESPOND FLOW, LLC'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

Third-Party Defendant Respond Flow, LLC, by and through its counsel of record, moves pursuant to Rule 12(b)(6) to dismiss the third-party complaint filed by Vice Capital Extraction, LLC ("Vice Capital"), and in support thereof, respectfully states as follows:

### I. Introduction

Vice Capital has been sued for sending text messages allegedly in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227 *et seq.* In an effort

to shift its liability, Vice Capital has brought a third-party complaint, alleging that it is entitled to indemnity and contribution from Respond Flow.[1]

The problem with Vice Capital's third-party complaint is that there is no legal basis for its claim of indemnification or contribution. The TCPA does not afford such a right. Nor does federal common law. And Vice Capital does not (and cannot) allege that Respond Flow agreed to indemnify it pursuant to a contract. Because there is no valid legal theory pursuant to which Respond Flow could be held liable to Vice Capital, the court should dismiss the third-party complaint.

## II. Background

Plaintiff, Justin Solberg, has brought this action against Vice Capital, alleging that Vice Capital used an automatic telephone dialing system ("ATDS") to send him text messages without his consent.[2] Based on these alleged violations of 47 U.S.C. §§ 227(b)(1)(A)(iii) and (c)(5), Solberg seeks to recover statutory damages from Vice Capital of $500 per text message and enhanced damages of up to $1,500 per text message that was sent knowingly or willfully in violation of the TCPA.[3] Solberg further seeks to represent a putative class of persons similarly situated.

Vice Capital, in turn, brought its third-party complaint against Respond Flow. Vice Capital alleges that it has a General Contract for Service (the "Contract") with Respond

---

[1] ECF No. 7 ¶ 15.

[2] ECF No. 1 ¶¶ 23–52.

[3] ECF No. 1 ¶¶ 64–83.

Case 5:20-cv-01039-G   Document 37   Filed 07/13/21   Page 3 of 8

Flow, pursuant to which Respond Flow would send any such text messages.[4] Vice Capital alleges that it "did not send or receive any of the subject text messages, and such correspondences could only have been between [Solberg] and [Respond Flow],"[5] such that Solberg is "attempting to impose liability on [Vice Capital] for actions allegedly taken by [Respond Flow]."[6] Although Vice Capital quotes language from the Contract,[7] it does not identify any provision by which Respond Flow would owe indemnification to Vice Capital, nor does it identify any statutory or federal common law basis by which Respond Flow would owe such indemnification. Nonetheless, Vice Capital alleges that if it is held liable to Solberg or the class in this action, it "is entitled to be indemnified by" Respond Flow.[8]

### III. Legal Standard

To survive a motion to dismiss, Vice Capital must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This standard requires that Vice Capital plead "factual content that allows the court to draw the reasonable inference that the [third-party] defendant is liable for the misconduct

---

[4] ECF No. 7 ¶ 5. A copy of the Contract is attached hereto as Exhibit 1. The Court may consider the Contract in ruling on this motion because Vice Capital referenced it in its third-party complaint and because it is central to Vice Capital's claim against Respond Flow. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (internal quotation marks omitted)).

[5] ECF No. 7 ¶ 10.

[6] ECF No. 7 ¶ 11.

[7] ECF No. 7 ¶ 12 (quoting a warranty to provide services "in a timely and workmanlike manner" that accords with that of other similar service providers).

[8] ECF No. 15.

- 3 -

010-9201-3855/1/AMERICAS

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed when it "has not nudged [the claims] . . . across the line from conceivable to plausible." *Id.* at 680 (internal quotation marks omitted).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level . . . 'on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Twombly*, 550 U.S. at 555 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 235–36 (3d ed. 2004)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its fact.'" (quoting *Twombly*, 550 U.S. at 570)). "Bare legal conclusions in a complaint are not entitled to the assumption of truth; 'they must be supported by factual allegations' to state a claim for relief." *Melton v. Oklahoma ex rel. Univ. of Okla.*, Case No. CIV-20-608-G, 2021 U.S. Dist. LEXIS 62562, at *11 (W.D. Okla. Mar. 31, 2021) (quoting *Iqbal*, 556 U.S. at 679).

## IV. Argument

There is no valid legal theory by which Vice Capital can require Respond Flow to indemnify it for the TCPA violations alleged in Solberg's complaint. "'Where, as in this case, the action alleges a statutory violation rather than a tort, the Supreme Court has recognized that a defendant may seek contribution only if Congress has created an affirmative cause of action for contribution; federal common law has recognized such a right; or the parties agreed, prior to the litigation, that any liability would be shared.'"

- 4 -

*Garrett v. Ragle Dental Lab., Inc.*, No. 10 C 1315, 2011 U.S. Dist. LEXIS 157507, at *2 (N.D. Ill. July 6, 2011) (quoting *Shurland v. Bacci Cafe & Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 162 (N.D. Ill. 2009)). Vice Capital cannot obtain indemnification under any of those three alternatives because the Contract between Vice Capital and Respond Flow does not provide for contractual indemnification, and courts routinely hold that non-contractual indemnification is unavailable in TCPA claims.

**A.     The Contract does not provide for indemnification.**

As an initial matter, the General Contract for Service between Respond Flow and Vice Capital does not expressly provide for any form of indemnification. There is therefore not an "agree[ment], prior to the litigation, that any liability would be shared." *Id.* (internal quotation marks omitted).

**B.     The TCPA does not provide for indemnification.**

Nor has "Congress . . . created an affirmative cause of action for contribution." *Id.* (internal quotation marks omitted). As courts have repeatedly noted, "the TCPA does not confer any right to contribution or indemnification." *Snyder v. United States Bank N.A.*, Case No. 16 C 11675, 2019 U.S. Dist. LEXIS 116684, at *15 (N.D. Ill. July 14, 2019); *accord Glen Ellyn Pharm., Inc. v. Meda Pharm., Inc.*, Case No. 09 C 4100, 2011 U.S. Dist. LEXIS 142373, at *9 (N.D. Ill. Dec. 9, 2011) ("[T]here is no right to contribution under the TCPA."); *Garrett*, 2011 U.S. Dist. LEXIS 157507, at *2 ("[T]he TCPA does not create an affirmative cause of action for contribution or indemnification").

**C.      Federal common law does not permit indemnification under the TCPA.**

Finally, common law does not provide for contribution or indemnification, either. In making this determination, the court should look at federal common law, rather than state common law. *See Glenn Ellyn Pharm.*, 2011 U.S. Dist. LEXIS 142373, at *7 (noting that the availability of contribution and indemnification under the TCPA "is governed by federal, not state, law"). Federal courts "have become reluctant to recognize a right of contribution as a matter either of federal common law or of statute." *Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005). Consistent with this, courts confronted with the issue have declined to expand the federal common law to include a right to indemnification or contribution under the TCPA. *See Glenn Ellyn Pharm.*, 2011 U.S. Dist. LEXIS 142373, at *10 ("As a right of contribution in the TCPA is not necessary to protect uniquely federal interests, nor has the court been given the power to develop substantive law, the court declines to expand the federal common law in this way."); *Garrett*, 2011 U.S. Dist. LEXIS 157507, at *2–3 ("federal common law does not recognize . . . a cause of action" for contribution or indemnification under the TCPA).

## V. Conclusion

Indemnification is not available in a TCPA claim absent an express contractual provision to that effect. Vice Capital does not allege such a provision, and the Contract does not contain one. The Court should dismiss Vice Capital's third-party complaint against Respond Flow.

Respectfully submitted,


By:   *s/ Brian M. Gillett*
    Kyle D. Evans
    **GABLEGOTWALS**
    211 North Robinson
    Suite 1500
    Oklahoma City, Oklahoma 73102
    (405) 235-5500 (Telephone)
    (405) 235-2875 (Facsimile)
    kevans@gablelaw.com

    Brian M. Gillett (Admitted *pro hac vice*)
    **SQUIRE PATTON BOGGS (US) LLP**
    2000 McKinney Avenue
    Suite 1700
    Dallas, Texas 75201
    (214) 758-1500 (Telephone)
    (214) 758-1550 (Facsimile)
    patrick.long@squirepb.com
    brian.gillett@squirepb.com

    Eric J. Troutman (Admitted *pro hac vice*)
    **SQUIRE PATTON BOGGS (US) LLP**
    555 South Flower Street, 31st Floor
    Los Angeles, California 90071
    (213) 624-2500 (Telephone)
    (213) 623-4581 (Facsimile)
    eric.troutman@squirepb.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANT RESPOND FLOW, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2021, a true and correct copy of the foregoing document was served by email upon all counsel of record through the Court's ECF system.


<u>*s/ Brian M Gillett*</u>
Brian M. Gillett

010-9201-3855/1/AMERICAS